# In the United States Court of Federal Claims

**FOR PUBLICATION**

No. 22-500C
(Filed: April 10, 2023)

|  |  |
|---|---|
| **TRÉSE A. BANNISTER**, ) | |
| ) | |
| *Plaintiff,* ) | Military Pay: Survivor Benefit Plan, |
| ) | 10 U.S.C. §§ 1447–55; Army Retired Pay, |
| **v.** ) | 10 U.S.C. § 3929 (2018) (repealed & |
| ) | recodified at 10 U.S.C. § 7329) |
| **UNITED STATES**, ) | |
| ) | |
| *Defendant.* ) | |

*Patrick J. Hughes*, Patriots Law Group of Lyons & Hughes, P.C., Suitland, MD, for plaintiff.

*Domenique G. Kirchner*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for defendant, with whom on the briefs were *Brian M. Boynton*, Principal Deputy Assistant Attorney General, and *Patricia M. McCarthy*, Director, and *Steven J. Gillingham*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC. *Major Patrick D. Kummerer*, *Major Steven C. Higgins,* and *Major Jessica B. Colsia,* Litigation Attorneys, Military Personnel Branch, U.S. Army Legal Service Agency, Fort Belvoir, VA, Of Counsel.

### OPINION AND ORDER[1]

**BONILLA, Judge.**

Congress established the Armed Forces Survivor Benefit Plan (SBP or Plan), codified at 10 U.S.C. §§ 1447–55, to provide financial support to military service members' survivors upon a service member's death. Under the Plan, up to 55% of an eligible service member's retired pay may be paid to their designated beneficiary.

---

[1] This case was transferred to the undersigned for adjudication on January 4, 2023, pursuant to Rule 40.1(b) of the Rules of the United States Court of Federal Claims (RCFC).

*See id.* § 1451.  Among the possible beneficiaries a service member may elect is their former spouse.  *See id.* § 1448(b)(2)(A).  U.S. Army Major General (MG) Jeffrey L. Bannister agreed to do just that in a March 11, 1996 separation agreement with his then-wife, Patricia L. Erickson.  The terms of the separation agreement, including MG Bannister's commitment to elect Ms. Erickson as his SBP beneficiary, were incorporated into an October 25, 1996 state court order finalizing their divorce.  Nevertheless, on February 2, 2018, prior to his scheduled May 31, 2018 retirement, MG Bannister elected his second wife, Lieutenant Colonel (Lt. Col.) Trése A. Bannister (née LaCamera) (USA-ret.), as his SBP beneficiary.  MG Bannister died four days before his scheduled retirement.

Following MG Bannister's death, both Ms. Erickson and Lt. Col. Bannister sought to recover survivor benefits.  The Defense Finance Accounting Service (DFAS) approved Ms. Erickson's claim, denied Lt. Col. Bannister's claim, and began remitting monthly SBP annuity payments accordingly.  After a series of unsuccessful administrative appeals, including an application to the Army Board for Correction of Military Records (ABCMR or Board), Lt. Col. Bannister asks this Court to declare her the proper SBP beneficiary as a matter of law.  While not a model of clarity in certain respects, relevant to this case, the SBP statutory scheme clearly precludes Lt. Col. Bannister's claimed SBP entitlement.  Accordingly, for the reasons set forth below, defendant's motion for judgment on the administrative record is GRANTED and plaintiff's cross-motion for judgment on the administrative record is DENIED.

## BACKGROUND

Jeffrey L. Bannister enlisted in the Army and entered military service on February 1, 1979.  He served on active duty until his sudden death on May 27, 2018.  During his nearly 40-year military career, MG Bannister rose to the rank of Major General (0-8) effective September 2, 2013.  MG Bannister died four days prior to the scheduled effective date of his approved retirement (i.e., May 31, 2018).  At the time of his death, MG Bannister's duty status was classified as "Active Duty: Transitional Leave 02 February 2018 – 27 May 2018."  AR 188.[2]

Two years into his military career, on November 1, 1980, MG Bannister married Ms. Erickson.  Their marriage ended in divorce on October 25, 1996.  During their divorce proceedings, on March 11, 1996, MG Bannister and Ms. Erickson executed a separation agreement wherein MG Bannister agreed to, among other financial obligations:

---

[2] "AR __" is a citation to a Bates numbered page in the administrative record filed in this case.  *See* ECF 5; ECF 5-11.

> **Division of Military Retired Pay**.  The parties have been married over 15 years overlapping with over 15 years [of] active duty military service and, [sic] Husband shall pay the sum of $600.00 per month to Wife, for her life, as a division of property immediately upon retirement from the Army for longevity or disability.  *Husband shall elect Survivor Benefit Plan full base coverage for Wife as spouse/former spouse at the time of Husband's retirement* and Wife shall then have the option to purchase, at Wife's sole expense, such supplemental coverage as Wife desires, if any.  In the event that any payment due Wife is not paid by [d]irect payment to Wife, Husband shall immediately pay such sum to Wife by direct payment to a bank account that Wife shall from time to time designate in writing to Husband.

AR 79 (bold in original; italics added).  On October 25, 1996, the Superior Court of Chatham County, Georgia, issued a Judgment and Decree finalizing MG Bannister and Ms. Erickson's divorce and ordering them to comply with the terms of the March 11, 1996 separation agreement.  Eighteen months later, on July 4, 1998, MG Bannister married Lt. Col. Bannister.  The couple was married for nearly 20 years, until MG Bannister's death.

On or about July 7, 2017, after 38 years of active duty military service, MG Bannister requested voluntary retirement.[3]  In his written request, MG Bannister acknowledged his rights and obligations under the SBP program, including required counseling and spousal consent regarding certain elections; notably absent is any mention of former spouse election or coverage.  MG Bannister's retirement was approved on December 12, 2017, with an effective date of May 31, 2018.  MG Bannister was slated to be placed on the retirement list on June 1, 2018.

As part of the retirement process, MG Bannister met with an SBP counselor on February 2, 2018.  Although invited, Lt. Col. Bannister did not attend the counseling session.  Ms. Erickson was neither invited nor presumably aware of the meeting; nor is there any evidence in the record that she was notified or aware of MG Bannister's impending retirement.[4]  During his SBP counseling session, MG

---

[3] The administrative record includes a draft of MG Bannister's July 7, 2017 memorandum requesting voluntary retirement, submitted by Lt. Col. Bannister in connection with her ABCMR application.  *See* AR 132–34.  During oral argument conducted on April 6, 2023, the parties stipulated (and the record reflects) that MG Bannister's retirement request was finalized, submitted, and approved.

[4] Previously, on June 26, 2002, Ms. Erickson submitted a DD Form 2293 (Application for Former Spouse Payments from Retired Pay) to DFAS, claiming her right to $600/month of MG Bannister's retired pay when eligible.  In her cover letter, Ms. Erickson noted that she and MG Bannister were not in contact and that she did not know where he lived or whether he retired.  Aside from including a copy of the March 11, 1996 separation agreement, Ms. Erickson's June 26, 2002 submission makes no mention of the SBP program or her entitlement to former spouse coverage.  On August 5, 2002,

3

Bannister completed an Army Retirement Services Officers (RSO) Survivor Benefit Plan (SBP) Retiring Soldier Counseling Statement (SBP Counseling Statement) and a DD Form 2656 (Data for Payment of Retired Personnel).[5] Paragraph 19 of the SBP Counseling Statement states in part:

> **Former Spouse at Retirement**. If I divorced prior to retirement, I can elect former spouse SBP coverage at my retirement. If a court ordered and I do not elect former spouse SBP, the court may find me in contempt of court. . . . With the death of the former spouse, an election for spouse SBP coverage may be made.

AR 139 (bold in original). As reflected in his February 2, 2018 DD Form 2656, despite the 1996 separation agreement and state court order, MG Bannister did not elect "Former Spouse" SBP coverage (i.e., Box 26(e)); nor did MG Bannister include Ms. Erickson in the Designation of Beneficiaries for Unpaid Retired Pay (i.e., Boxes 13 & 29). *See* AR 141–42. Instead, MG Bannister elected "[SBP] Coverage for Spouse Only" (i.e., Box 26(e)), noted he has a dependent child, and designated Lt. Col. Bannister to receive any unpaid retired pay (i.e., Boxes 13 & 29).[6] *Id.* MG Banister left blank the DD Form 2656-1 titled "SBP Election Statement for Former Spouse Coverage." *See* AR 144–45.

      Following MG Bannister's death, on June 21, 2018, Ms. Erickson submitted a DD Form 2656-7 (Verification for Survivor Annuity), attaching the 1996 separation agreement and state court order, claiming SBP benefits under MG Bannister's Plan. Aside from Ms. Erickson's June 26, 2002 application for a retired pay garnishment, noted *supra*, nothing in the administrative record presented placed the Army or DFAS on notice regarding Ms. Erickson's claimed entitlement to an SPB annuity; more specifically, prior to June 21, 2018, Ms. Erickson did not submit a request for a deemed election of former spouse SBP coverage in accordance with 10 U.S.C. § 1450(f)(3). *See* AR 151 n.17 ("DFAS does not have any evidence that Ms. Erickson submitted a request that [the] Secretary deem a former spouse election on the member's behalf."); accord AR 91 (declaration from Defense Military Pay Office affirming no prior claim to SBP benefits submitted by Ms. Erickson). Two weeks later, on July 3, 2018, Lt. Col. Bannister submitted her DD Form 2656-7, also claiming SBP benefits under MG Bannister's Plan.

---

DFAS acknowledged Ms. Erickson's application for retired pay and separately notified MG Bannister of the pending claim, including instructions on how to contest the resulting garnishment.

[5] During oral argument, the Court inquired about the duration of and the substantive discussion during the SBP counseling session. No details were offered.

[6] Because MG Bannister died prior to retiring, no retired pay was remitted.

On July 19, 2018, after reviewing both SBP applications, DFAS approved Ms. Erickson's claim and denied Lt. Col. Bannister's claim, explaining to Lt. Col. Bannister:

> Similar to divisions of military retired pay, the SBP annuity is an asset that can be awarded to a member's spouse during a divorce proceeding. The SBP annuity is typically an item of negotiation between the parties. When a divorce occurs prior to a member's retirement, a court may order the member to make a former spouse SBP election at the time the member becomes eligible to participate in SBP[;] that is, at the time of the member's retirement. If a member dies while still on active duty and before the member can make the required court ordered SBP election, an SBP annuity is still payable. However[,] the SBP law sets out the proper beneficiary of the SBP annuity under these circumstances. The law provides that if a member was required by court order to elect SBP for a former spouse[,] but the member dies before doing so, the former spouse becomes the beneficiary of the SBP. 10 U.S.C. § 1448(d)(3).
>
> At the time of your husband's unexpected passing, he was under a court ordered obligation to elect former spouse SBP coverage as a result of the divorce proceedings that occurred earlier in his career. Because of this court ordered obligation to elect former spouse SBP coverage, DFAS is required to pay the annuity to his former spouse under Section 1448(d)(3) of title 10. Therefore, you are not entitled to receive the annuity. As a result, your claim for the SBP annuity must be denied.

AR 203; *see also* AR 154 ("Ms. Erickson has been granted and is receiving [MG Bannister's] SBP annuity."). The Department of Defense (DoD), Defense Legal Services Agency, Defense Office of Hearings and Appeals (DOHA) confirmed DFAS's entitlement decisions on February 27, 2019. Thereafter, on June 25, 2019, the DOHA Claims Appeals Board denied Lt. Col. Bannister's reconsideration request. On July 21, 2021, the ABCMR denied Lt. Col. Bannister's request for administrative relief. This appeal followed.

## ANALYSIS

### I.   Jurisdiction

Under the Tucker Act, this Court has "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1).  In this instant case, Lt. Col. Bannister's

5

claim for statutory entitlement to military survivor benefits is founded upon provisions of the United States Code, 10 U.S.C. §§ 1447–55.

This Court's jurisdiction is further limited to claims arising under money-mandating sources of substantive law. *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Id.* at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)). Lt. Col. Bannister's alternative theories of recovery arise under money-mandating statutes. *See* 10 U.S.C. § 1450(a) ("Effective as of the first day after the death of a person to whom section 1448 of this title applies . . . a monthly annuity under section 1451 of this title *shall be paid* to the person's beneficiaries under the Plan, as follows: (1) Surviving spouse or former spouse.") (emphasis added); *id.* § 1448(d)(1) ("[T]he Secretary concerned *shall pay* an annuity under this subchapter to the surviving spouse of . . . a member who dies while on active duty after [meeting prescribed criteria].") (emphasis added). The government's "failure to pay these monthly annuities would give rise to a claim in this court since the claimant would be suing for money improperly withheld; a cause of action arising [under the Tucker Act]." *Barber ex rel. Barber v. United States*, 676 F.2d 651, 654 (Ct. Cl. 1982) (citation omitted). Here, undisputedly, the claimed annuity has been denied to Lt. Col. Bannister and, instead, paid to Ms. Erickson.

In addition to a money judgment, Lt. Col. Bannister seeks a court order directing the ABCMR "to correct MG Bannister's military records . . . to reflect Plaintiff's entitlement to the SBP and associated back pay . . . ." ECF 1 at 14. The Court is authorized to correct military records under the Tucker Act, which states, in part:

> To provide an entire remedy and to complete the relief afforded by the judgment, the court may, as an incident of and collateral to any such judgment, issue orders directing restoration to office or position, placement in appropriate duty or retirement status, and *correction of applicable records*, and such orders may be issued to any appropriate official of the United States.

28 U.S.C. § 1491(a)(2) (emphasis added).

## II.   Legal Standards

ABCMR decisions are reviewed under an arbitrary, capricious, unsupported by substantial evidence, or contrary to law standard. *See Boyce v. United States*, __ Fed. Cl. __, No. 22-229, 2023 WL 2746916, at *13 (Fed. Cl. Mar. 31, 2023) (citing cases). Compliance with law requires adherence to governing statutes and applicable regulations. *See Baude v. United States*, 955 F.3d 1290, 1304 (Fed. Cir.

2020) (quoting *Voge v. United States*, 844 F.2d 776, 779 (Fed. Cir. 1988)). Where a statute is ambiguous, an implementing regulation controls so long as it reflects a reasonable interpretation of the statute. *See Chevron, U.S.A. v. Nat. Res. Def. Council*, 467 U.S. 837, 844 (1984). This case is governed by the statutes and regulations in effect at the time of MG Bannister's death (i.e., May 2018). *See Brush v. Off. of Pers. Mgmt.*, 982 F.2d 1554, 1558 (Fed. Cir. 1992).

### III.   SBP Program Beneficiaries

In support of her claimed entitlement to an SBP annuity as MG Bannister's surviving spouse and elected beneficiary, Lt. Col. Bannister first cites the default program participation eligibility criteria codified at 10 U.S.C. § 1448(a)(1)(A). Alternatively, Lt. Col. Bannister claims entitlement as MG Bannister's surviving spouse under 10 U.S.C. § 1448(d)(1). The Court concludes § 1448(a)(1)(A) is inapplicable and § 1448(d)(3)(A) trumps the application of § 1448(d)(1).

#### A.   General Entitlement

Titled "General rules for participation in the Plan," § 1448(a) limits eligibility to "[p]ersons *entitled* to retired pay." *See id.* § 1448(a)(1)(A) (emphasis added). At the time of his death, MG Bannister remained on active duty. Although eligible (and slated) to retire, MG Bannister was not yet retired or, consequently, "entitled to retired pay." In May 2018, the then-governing statute, 10 U.S.C. § 3929, provided: "A member of the Army retired under this chapter is entitled to retired pay." *Id.* (repealed and recodified at 10 U.S.C. § 7329 (2019)). While not explicit, the statute suggests a service member is entitled to retired pay when their retirement becomes effective, not beforehand. Applicable DoD regulations confirm entitlement to retired pay begins when retirement becomes effective. *See* DoD FMR Vol. 7B, Ch. 1, ¶ 010901 (Mar. 2018) ("Effective Date of Payment[:] . . . Pay accrues on a day-to-day basis from and including *the date on which retirement is effective* . . . .") (emphasis added).

MG Bannister's retirement would have become effective–and he would have been entitled to retired pay–on May 31, 2018. He died four days earlier, while on "Active Duty: Transitional Leave." Although *eligible* to receive retired pay upon his retirement, MG Bannister never actually retired; consequently, he was not "entitled" to retired pay. Indeed, as noted *supra*, none was paid in this case before or after MG Bannister's death. Accordingly, Lt. Col. Bannister's reliance upon § 1448(a)(1)(A) is misplaced.

#### B.   Death While On Active Duty

Title 10, United States Code, section 1448(d) provides SBP coverage for survivors of retirement-eligible service members who die while on active duty. The statutory default is to pay an annuity to the deceased service member's

surviving spouse and dependent children. Subsection (d)(1), titled "Surviving spouse annuity," provides: "the Secretary concerned shall pay an annuity under this subchapter to the surviving spouse of . . . [an eligible] member who dies while on active duty." 10 U.S.C. § 1448(d)(1). Subsection (d)(2), titled "Dependent children," in turn, provides for the payment of an SBP annuity to qualifying surviving children as further prescribed in § 1450. *See id*. § 1448(d)(2).

There are, however, several statutory exceptions to the default surviving spouse and dependent children SBP annuity. Relevant here, § 1448(d)(3), titled "Mandatory former spouse annuity," provides:

> If a member described in paragraph (1) is required under a court order or spousal agreement to provide an annuity to a former spouse upon becoming eligible to be a participant in the Plan or has made an election under subsection (b) to provide an annuity to a former spouse, the Secretary--
>
> > (A) may not pay an annuity under paragraph (1) or (2); but
> >
> > (B) shall pay an annuity to that former spouse as if the member had been a participant in the Plan and had made an election under subsection (b) to provide an annuity to the former spouse, or in accordance with that election, as the case may be, if the Secretary receives a written request from the former spouse concerned that the election be deemed to have been made in the same manner as provided in section 1450(f)(3) of this title.

*Id*. § 1448(d)(3). Subsection (d)(3)(A) begins and ends the statutory analysis in this case and precludes Lt. Col. Bannister's claimed entitlement. Whatever the potential import of subsection (d)(3)(B) due to MG Bannister's and Ms. Erickson's purported failures to perfect Ms. Erickson's SBP election, subsection (d)(3)(A) is clear: the uncontested 1996 separation agreement and state court order statutorily preclude the Secretary's payment of Lt. Col. Bannister's annuity claim. *See id*. § 1448(d)(3)(A) (quoted above); *accord* DoD FMR Vol. 7B, Ch. 46, Table 46-1, Note 5 ("If member is required under a court order or spousal agreement to provide an annuity to a former spouse upon becoming eligible to participate in the SBP or if a member has made an election to provide former spouse annuity, the Secretary of the Military Department concerned *may not pay the annuity to the surviving spouse*.") (emphasis added).

The Court declines to address in dicta whether subsection 1448(d)(3)(B) required Ms. Erickson to perfect her entitlement to survivor benefits by requesting a deemed SBP election within a year of her divorce from MG Bannister in accordance with § 1450(f)(3). Under the governing statutory scheme, even if

8

Ms. Erickson were disqualified for failure to perfect her claim, Lt. Col. Bannister is nonetheless not entitled to an SBP annuity. Congress' use of the conjunction "but" rather than, for example, the conditionals "as long as" or "if" in § 1448(d)(3)(A) must be respected.[7]

## CONCLUSION

For these reasons, the Court concludes that the decisions issued by DFAS, DOHA, and the ABCMR were not arbitrary, capricious, unsupported by substantial evidence, or contrary to law. Accordingly, defendant's motion for judgment on the administrative record (ECF 6) is **GRANTED** and plaintiff's cross-motion for judgment on the administrative record (ECF 9) is **DENIED**. The Clerk of Court is directed to ENTER Judgment accordingly. No costs.

It is so ORDERED.

Armando O. Bonilla
Judge

---

[7] During oral argument, the Court inquired whether Ms. Erickson was notified or aware of this case and the potential impact on her SBP annuity (i.e., awarding Lt. Col. Bannister the relief sought necessarily discontinues Ms. Erickson's annuity payments and exposes her to the possible clawback of benefits paid unless affirmatively waived by the government). The parties advised that they did not notify Ms. Erickson of this case. Because the ruling in this case does not impact Ms. Erickson's SBP entitlement, joinder under RCFC 19 is unnecessary.